IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ORIGINAL
FILED IN CLERK'S OFFICE

JUL 1 6 2003

LUTHER D. ~~~~AS, Clerk
By:
Deputy Clerk

| | |
|---|---|
| MARIA BERMUDEZ | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| WELLSTAR HEALTH SYSTEM, INC. | ) |
| and STANDARD INSURANCE | ) |
| COMPANY | ) |
| | ) |
| Defendants | ) |

CIVIL ACTION
FILE NO. _____

**1 03 CV 1724**

**ODE**

## NOTICE OF REMOVAL TO THE
## UNITED STATES DISTRICT COURT

Now comes STANDARD INSURANCE COMPANY ("Standard"), a

defendant in the above-styled action, and respectfully shows to this honorable

Court the following facts:

1.

The above-styled action was commenced in the Superior Court of Fulton

County, Georgia, on May 16, 2003, as Civil Action No. 2003-CV-69853, and is

now pending therein.

2.

On May 21, 2003, plaintiff mailed a request for waiver of service of

summons to Standard. This notice of removal is filed within thirty (30) days of

FORMS RECEIVED
Consent To US Mag.
Pretrial Instructions
Title VII NTC

such mailing in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446.

3.

On June 3, 2003, defendant WellStar Health System, Inc. ("WellStar") acknowledged service of the complaint and agreed to waive service of the summons.

4.

Defendant WellStar consents to this Removal, as set forth in the Consent to Removal executed by its counsel, attached hereto as Exhibit 1.

5.

The parties to this action are plaintiff, a citizen of the State of Georgia, residing within the Northern District of Georgia; Standard, a corporation organized and existing under the laws of the State of Oregon, maintaining its principal office and principal place of business in Portland, Oregon; and WellStar, a corporation organized and existing under the laws of the State of Georgia, maintaining its principal office and principal place of business in Marietta, Georgia.

6.

In this action, plaintiff seeks to recover long-term disability benefits alleged to be due under the WellStar Health System Group Long Term Disability Plan ("the Plan"), interest on those benefits, a penalty and attorney fees under pursuant

to § 33-4-6, and costs of litigation.

7.

The Plan is an employee welfare benefit plan sponsored and maintained by WellStar within the meaning of Section 3(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(1).

8.

Plaintiff's claim to the long-term disability benefits is by virtue of her participation in the Plan, and all of plaintiff's claims arise under and relate to such plan.

9.

Because this action arises under and relates to an employee welfare benefit plan, plaintiff's claims are governed by ERISA.

10.

Additionally, ERISA preempts all the state law claims alleged in plaintiff's complaint and provides the exclusive federal remedy for resolution of claims by employee benefits plan participants and beneficiaries to recover benefits from such a plan. ERISA §§ 502(a) and 514, 29 U.S.C. §§ 1132(a) and 1144; *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). A cause of action filed in state court which is preempted by ERISA and comes within the scope of Section 502(a) is removable to federal court under 28 U.S.C. § 1441 as an action arising under

federal law even when the ERISA-related nature of the action does not appear on the face of the complaint. *Metropolitan Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

11.

Thus, this action is one over which this United States District Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 and/or 29 U.S.C. § 1132(e)(1).

12.

A true and correct copy of this notice of removal will be promptly filed with the Superior Court of Fulton County, Georgia as provided by law.

13.

Attached hereto and made a part hereof by reference are true copies of the following documents filed in the Superior Court of Fulton County, Georgia:

Exhibit 2 -- The original complaint filed by plaintiff; and

Exhibit 3 -- The notice of removal filed by Standard.

WHEREFORE, defendant STANDARD INSURANCE COMPANY prays that the Superior Court of Fulton County, Georgia, proceed no further with Civil Action No. 2003-CV-69853, and that said action be removed from the Superior Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 20th day of June, 2003.

H. Sanders Carter, Jr.
Georgia Bar No. 114100
Tiffany D. Downs
Georgia Bar No. 228467

Attorneys for Defendant
Standard Insurance Company

CARTER & ANSLEY
Suite 2300
1180 West Peachtree Street
Atlanta, Georgia 30309
(404) 658-9220 (Telephone)
(404) 658-9726 (Facsimile)



# EXHIBIT / ATTACHMENT

(To be scanned in place of tab)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARIA BERMUDEZ | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. _____ |
| | ) | |
| WELLSTAR HEALTH SYSTEM, INC. | ) | |
| and STANDARD INSURANCE | ) | |
| COMPANY | ) | |
| | ) | |
| Defendants | ) | |

## DEFENDANT WELLSTAR HEALTH SYSTEM'S CONSENT TO REMOVAL

WELLSTAR HEALTH SYSTEM, INC. ("WellStar"), a Defendant in
the above-styled action, consents to the removal of this case
from the Superior Court of Fulton County, Georgia, to the United
States District Court for the Northern District of Georgia,
pursuant to 29 U.S.C. §§ 1441 and 1446. By consenting to this
removal, WellStar does not waive, but specifically preserves, all
defenses, including those defenses set forth in Fed. R. Civ. P.
12(b), that it may assert to Plaintiff's complaint.

This 19th day of June, 2003

_____
Lionel J. Postic (Georgia Bar No. 585603)
Postic & Babb, P.C.
Attorneys for Defendant WellStar Health System, Inc.
707 Whitlock Avenue, Suite D-31
Marietta, Georgia 30064
Telephone: (770) 795-9003 extension 24
Facsimile: (770) 795-1730



# EXHIBIT / ATTACHMENT

## 2

(To be scanned in place of tab)

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

```
FILED IN OFFICE

MAY 1 6 2003

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA
```

MARIA BERMUDEZ,

    Plaintiff

v.

WELLSTAR HEALTH SYSTEM, INC. and
STANDARD INSURANCE COMPANY

    Defendants

)
)
)
)
)
)
)
)
)
)

CIVIL ACTION

FILE NO. _____2003CV69853_____

### COMPLAINT

### I. JURISDICTION AND PARTIES

1.

This suit is brought under state law claims of breach of contract and bad faith pursuant under O.C.G.A. § 33-4-6.

2.

Jurisdiction and venue are proper.

3.

Plaintiff Maria Bermudez (hereinafter "Plaintiff") is a resident of the State of Georgia.

4.

Defendant Standard Insurance Company ("Standard"), is a foreign corporation doing business for profit in Georgia. Standard may be served with process by and through its registered agent, Kristine Reynolds, 2839 East Paces Ferry Road, Suite 830, Atlanta, GA 30339.

5.

Defendant WellStar Health System, Inc., ("WellStar"), is a



domestic corporation. WellStar may be served with process by and through its registered agent, Samuel D. Bishop, 805 Sandy Plains Road, Marietta, Cobb County, GA 30066.

## II. STATEMENT OF FACTS

6.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 5 stated above.

7.

Plaintiff's employer, WellStar, is a public-sector (government entity) employer and is community-owned and operated.

8.

WellStar provided long term disability (LTD) benefits for its employees. Under the WellStar LTD Plan, WellStar is the Plan Sponsor and Plan Administrator.

9.

Under WellStar's LTD Plan, after an initial waiting period of 90 days, LTD benefits are paid for 3 months under the "Self-Funded Period." The "Insured Period" begins at the expiration of the "Self-Funded Period" and LTD benefits are payable until the end of the Maximum Benefit Period (usually age 65).

10.

WellStar contracted with Standard to provide administrative services for LTD benefits payable during the "Self-Funded Period" (3 months) and for LTD benefits thereafter under the "Insured

2

Period."

11.

Under the "Self-Funded Period," Standard acts as the Administrative Consultant (Third Party Administrator), but WellStar retains the final review and decision on all claims and appeals during the "Self-Funded Period."

12.

Under the "Insured Period," Standard retains the final review and decision on all claims and appeals during the Self-Funded Period.

13.

At all times material to this action, an insurance policy for LTD disability benefits during the Insured Period was in full force and effect constituting a binding contract between Standard and WellStar.

14.

Under the Self-Funded Period, WellStar pays LTD benefits to eligible employees from its own assets.

15.

Under the Insured Period, Standard pays LTD benefits to eligible employees from its own assets.

16.

Plaintiff was an insured employee under WellStar's LTD Plan and under Standard's LTD policy. WellStar and Standard designated

3

Plaintiff's LTD claim as Claim Number 00962141.

17.

Under WellStar's LTD Plan and Standard's LTD policy, eligible employees are entitled to LTD benefits if they are unable to perform the duties of their own occupation. After LTD benefits have been paid for twenty-four (24) months, an eligible employee will be entitled to LTD benefits if they are disabled from any occupation.

18.

Plaintiff is a Registered Nurse and has an undergraduate degree in nursing.

19.

WellStar hired Plaintiff in 1995 as a Registered Nurse. She worked at Kennestone Hospital (a unit of WellStar) as a registered staff nurse, where she performed nursing duties for total patient care, mostly surgery, and administering medications to patients. She also worked as an IV therapist. Plaintiff's job involved long hours, demanding work, limited rest periods and standing for most of each shift.

20.

Although Plaintiff was originally diagnosed with lupus and had complaints of chronic pain dating back to 1994, she continued to work. Her condition progressively worsened to the point where she was no longer able to work as of September 15, 2000.

4

21.

Plaintiff's symptoms have included chronic pain, insomnia, limited ambulation, chest pain, facial and joint swelling, light sensitivity, tremors, dizziness, weakness, fatigue, and inability to think, concentrate and focus on tasks.

22.

Plaintiff has been on a variety of medications, including Oxycontin, Elavil, Vioxx, Flexeril, Proventil Inhaler, Proventil Solution, Serevent Inhaler, Flovent Inhaler, Guiafenex, Sonata, Prevacid, Singulair, Zocor and Hydrodiuril. Plaintiff's treating physicians, specifically Dr. Rosa Urrutia (Primary Care Physician) and Dr. Thomas Hurd (Pain Management Specialist), have stated that Plaintiff's medications would cause significant side effects including fatigue, drowsiness and the need to lie down or rest periodically during the day. Plaintiff's physicians also stated that her levels of pain and/or the side effects from her medications would cause a substantial impairment in her ability to concentrate and focus on tasks.

23.

Both Dr. Urrutia and Dr. Hurd certified that Plaintiff was unable to perform the duties of her occupation as a Registered Nurse, or any other job within that classification, including sedentary and light duty jobs. The medical reasons for this conclusion include severe fibromyalgia, severe chronic pain, severe

myofascial tenderness and severe edema (joints). Both Dr. Urrutia and Dr. Hurd concluded that pain was a limiting factor in Plaintiff's ability to return to work and that her reliability and dependability in job settings is poor. Her doctors also concluded that she would not be capable of maintaining, with reasonable continuity, a regular work schedule requiring her to be at a certain place at certain times and remain there for fixed periods, with typical workplace breaks for bathroom usage and lunch. Even if she was capable of performing sedentary or light duty work, Dr. Urrutia and Dr. Hurd stated that the symptoms associated with her condition and/or the side effects from her medications would cause an inability to perform her duties with reasonable continuity or such that she would miss at least 5 to 6 days of work per month. All of these limitations have been present since at least September, 2000.

24.

Plaintiff's treating rheumatologist, Dr. Geronimo Lluberas, certified that Plaintiff suffered from fibromyalgia and also had a history of lupus. Standard's in-house rheumatologist (name unknown) agreed with this diagnosis.[1]

---

Although Plaintiff requested and received Standard's claims file, the file did not contain the name of Standard's in-house rheumatologist nor was there any report referencing his findings.

6

25.

On March 22, 2002, the Social Security Administration declared that Plaintiff was totally disabled and entitled to disability benefits. The Administrative Law Judge ("ALJ") found that Plaintiff suffers from "debilitating pain everywhere." He noted that Plaintiff had a history of systemic lupus erythematosus and chronic asthma but that she persisted with her problems until experiencing an increase in her symptoms in 2000 to the point where she could not work. The ALJ found that Plaintiff's current diagnoses included fibromyalgia, joint effusion, ulcer, depression and need for multiple medications. He further found that she is limited and must rest during the day and that she cannot effectively persist in the work place in order to complete a normal and reliable eight hour work day, five days per week. He further found that she requires a cane to move about and has suffered repeated falls. With the onset of carpal tunnel type symptoms, she cannot effectively manipulate and use her upper extremities. The ALJ found that Plaintiff's combined conditions resulted in limitations in her ability to concentrate, attend, remember and focus, and that her medications have side effects involving fatigue, weakness and sleepiness. Moreover, he found that Plaintiff was unable to perform even a full range of sedentary level exertional functions. At the hearing, a Vocational Expert testified that Plaintiff would not be capable of performing on a

sustained basis any work which exists in significant numbers in the
national economy. He testified that this was particularly true due
to Plaintiff's inability to *persist and maintain herself in the
work place in order to complete normal and reliable eight hour days
and five day work weeks, with her pain and medical problems
interfering with her capacity to concentrate and focus, and to
persist and sustain functions.*  After considering all evidence
(the same evidence which WellStar and Standard had in its claims
file), the ALJ concluded that Plaintiff was disabled within the
meaning of the Social Security Act. He found that Plaintiff's
*subjective complaints of continuing problems and limitations were
credible and supported by the overall objective evidence.*  He also
concluded, *The [Plaintiff] does not retain the residual functional
capacity to perform the requirements of work on a regular basis in
a normal vocational environment. She is limited to a restricted
range of any duties, with compromised capacity to engage in even
sedentary level exertional functions/duties. The claimant is not
able to effectively and reliably persist on the job and in the work
place in order to complete normal eight hour work days/five day
workweeks.*

26.

Plaintiff completed all paperwork necessary for the processing
of her claim for LTD benefits.

8

27.

After having all medical records relevant to Plaintiff's claim, including the findings of the Social Security Administration, WellStar and Standard considered several appeals from Plaintiff and rendered a final denial of her claim for LTD benefits on June 7, 2002, (Standard) and February 11, 2003, (WellStar).

28.

Defendants ignored substantial evidence supporting Plaintiff's disability including evidence from her treating physicians and the decision from the Social Security Administration, all of which supports Plaintiff's claim for long term disability benefits.

29.

Defendants never sent Plaintiff for an independent medical examination nor for a functional capacities evaluation.

30.

Defendants' decision to deny Plaintiff's claim for LTD benefits was made in bad faith, arbitrarily and without substantial justification.

31.

Defendants' decision to deny Plaintiff's claim for LTD benefits breached the terms of the LTD plan and policy under which Plaintiff was covered and also breached Defendants' fiduciary duties to Plaintiff.

9

32.

Plaintiff has exhausted all administrative remedies with regard to her LTD claim.

### III. CLAIM FOR RELIEF

### COUNT ONE

### BREACH OF CONTRACT

33.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 32 stated above.

34.

Defendants' refusal to pay disability benefits is a breach of the terms of WellStar LTD plan and Standard's LTD policy. Plaintiff is entitled to disability benefits under WellStar's LTD plan and Standard's LTD policy for the following reasons:

a. These benefits are permitted under the plan and policy;

b. Plaintiff has satisfied all conditions for eligibility for receipt of these benefits; and

c. Plaintiff has not waived or otherwise relinquished her entitlement to these benefits.

35.

Defendants illegally denied Plaintiff's claim for LTD disability benefits despite substantial medical documentation and clear and unequivocal opinions from Plaintiff's treating physicians and the Social Security Administration regarding her disability.

10

all back benefits;

(2) Find and hold that Defendants have acted in bad faith;

(3) Award penalties to Plaintiff in accordance with O.C.G.A.§ 33-4-6;

(4) Enjoin Defendants from any further prohibited acts against Plaintiff;

(5) Award Plaintiff's attorneys' fees, reasonable expenses and the costs of this action; and

(6) Grant other and further relief as may be just and proper.

This _/5th_ day of May, 2003.

ROGERS & HOFRICHTER, P.C.

MICHAEL J. HOFRICHTER
Attorney for Plaintiff
Ga. State Bar No. 359841

HEATHER K. KARRH
Attorney for Plaintiff
Ga. State Bar No. 408379

135 Brandywine Blvd., Suite C
Fayetteville, GA 30214
(770) 460-1118

12



# EXHIBIT / ATTACHMENT

### 3

(To be scanned in place of tab)

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARIA BERMUDEZ )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>WELLSTAR HEALTH SYSTEM, INC. )<br>and STANDARD INSURANCE )<br>COMPANY )<br>)<br>    Defendants ) | CIVIL ACTION<br>FILE NO. 2003-CV-69853 |

## NOTICE OF REMOVAL
## TO THE UNITED STATES DISTRICT COURT

Notice hereby is given that STANDARD INSURANCE COMPANY, a

defendant in the above-styled case, has filed in the United States District Court for

the Northern District of Georgia, Atlanta Division, its notice of removal of said

action to the United States District Court in accordance with the provisions of 28

U.S.C. §§ 1441 and 1446. Attached hereto and made a part hereof is a true copy

of said notice of removal and all papers and exhibits attached thereto.

This 20th day of June, 2003.


*(SIGNATURES ON FOLLOWING PAGE)*

_H. Sanders Carter, Jr._

H. Sanders Carter, Jr.
Georgia Bar No. 114100
Tiffany D. Downs
Georgia Bar No. 228467

Attorneys for Defendant
Standard Insurance Company

CARTER & ANSLEY
Suite 2300
1180 West Peachtree Street
Atlanta, Georgia 30309
(404) 658-9220 (Telephone)
(404) 658-9726 (Facsimile)

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party

in the foregoing matter with a copy of this pleading by depositing in the United

States Mail a copy of same in a properly addressed envelope with adequate

postage thereon as follows:

Michael J. Hofrichter
Heather K. Karrh
Rogers & Hofrichter, P.C.
135 Brandywine Boulevard
Suite C
Fayetteville, Georgia 30214

Lionel Postic
Postic & Babb, P.C.
707 Whitlock Avenue
Suite D-31
Marietta, Georgia 30064

This 20th day of June, 2003.

Tiffany D. Downs

# C E R T I F I C A T E

STANDARD INSURANCE COMPANY ("Standard"), a defendant in the

case of *Maria Bermudez v. WellStar Health System, Inc. and Standard Insurance*

*Company,* Civil Action No. 2003-CV-69853 pending in the Superior Court of

Fulton County, Georgia, has given notice of the filing of the foregoing notice of

removal to the said plaintiff and her attorneys by mailing a copy of said notice of

removal to the attorneys-of-record for plaintiff at their address in Fayetteville,

Georgia, and Standard also has filed a copy of said notice of removal with the

Clerk of the Superior Court of Fulton County, Georgia, in accordance with the

provisions of 28 U.S.C. § 1446.  The undersigned, Tiffany D. Downs, counsel of

record for Standard Insurance Company, hereby certifies to the truthfulness and

correctness of the above statement.

This 20th day of June, 2003.

Tiffany D. Downs
Georgia Bar No.228467

Attorney for Defendant
Standard Insurance Company

CARTER & ANSLEY
Suite 2300
1180 West Peachtree Street
Atlanta, Georgia 30309
(404) 658-9220 (Telephone)
(404) 658-9726 (Facsimile)